IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **TRACKTHINGS LLC,**<br>*Plaintiff*<br><br>*vs.*<br><br>**AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and EERO LLC,**<br><br>*Defendants* | **6:21-CV-720-ADA** |

### ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

Before the Court is Amazon.com Services LLC, Amazon.com, Inc., eero LLC's (collectively, "Defendants") Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Northern District of California ("NDCA"). ECF No. 41. Plaintiff TrackThings LLC ("TrackThings") filed its Response (ECF No. 47), and Defendants filed their Reply (ECF No. 54). After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Defendants' Motion to Transfer to the Northern District of California.

### I. FACTUAL BACKGROUND

Plaintiff TrackThings filed this lawsuit accusing Defendants of infringing on U.S. Patent Nos. 9,642,017 ("the '017 patent"), 9,332,442 ("the '442 patent"), and 10,107,893 ("the '893 patent"; collectively "the Asserted Patents"). ECF No. 1. The Asserted Patents cover "wireless networking technology that allows devices (such as computers, smartphones, televisions, printers, etc.) in environments such as homes or small offices to wirelessly communicate with each other and to wirelessly access the internet." *Id.* ¶ 31. The patented inventions relate to "mesh WiFi"

systems. *Id.* Thaddeus Gabara is the sole inventor of all three Asserted Patents. *Id.* ¶ 29. The accused products include the eero (1st-gen) (Model Number A010001), eero Pro (2nd-gen) (Model Number B010001), eero Beacon (Model Number D010001), eero (2nd-gen) (J010011), eero pro 6 (Model Number K010011), eero 6 (Model Number N010011), and eero 6 extender (Model Number Q010011) (collectively referred to as the "Accused Products"). *Id.* ¶ 40.

Plaintiff TrackThings is a New Jersey limited liability company with its principal place of business at 62 Burlington Road, Murray Hill, New Jersey 07974. *Id.* ¶ 1. It is the owner of the Asserted Patents. *Id.*

Amazon.com, Inc. ("Amazon") is a corporation organized under the laws of Delaware. *Id.* ¶ 2. Its principal place of business is in at 410 Terry Ave. North, Seattle, Washington 98109-5210. *Id.* Amazon.com Services LLC ("Amazon Services") is a Delaware corporation, with its principal place of business at 410 Terry Ave. North, Seattle, Washington 98109-5210. *Id.* ¶ 3. eero LLC ("eero") is a wholly owned subsidiary of Amazon. *Id.* ¶ 4. eero is a Delaware corporation with its principal place of business at 660 3rd Street, 4th Floor, San Francisco, California 94107.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.,* 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.,* 628

F.3d at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## III. DISCUSSION

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the NDCA. *Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue."). Although motions to transfer typically focus on the convenience factors, a court must make an *a priori* determination of whether jurisdiction and venue are proper in the transferee forum. As courts in the Fifth Circuit have articulated: "[t]here is no sliding scale, where more convenience diminishes the showing required for jurisdiction and venue. Rather, the movant must satisfy both the statutory requirements and clearly demonstrate that the transfer is clearly more convenient." *Capella Photonics, Inc. v. Infinera Corp.*, No. 2:20-cv-00077, 2021 WL 518478, at *4 (E.D. Tex. Feb. 10, 2021). The burden to prove that this case might have been brought in the transferee venue falls squarely upon the movant. *Volkswagen II*, 545 F.3d at 312 ("a moving party . . . must satisfy the statutory requirements and clearly demonstrate that a transfer is [for convenience]"); *see also Chirife v. St. Jude Med., Inc.*, No. 6:08-CV-480, 2009 U.S. Dist. LEXIS 50482, 2009 WL 1684563, at *1 (E.D. Tex. June 16, 2009). If the movant has not satisfied that burden, the Court cannot transfer the case. *Japan Display Inc. v. Tianma Microelectronics Co.*, No. 2:20-CV-00283-JRG, 2021 U.S. Dist. LEXIS 160256, at *8 (E.D. Tex. Aug. 25, 2021) (citing *Hoffman v. Blaski*, 363 U.S. 335, 340 (1960)) ("If it has not been shown that the transferee court could hear the case, the Court has no ability to transfer, regardless of how convenient or

inconvenient the transfer might be."). The parties do not dispute that jurisdiction would be proper in the NDCA. Rather, the sole dispute is whether Defendants have met their burden to prove that venue would be proper in the NDCA.

Under 28 U.S.C. § 1400(b), a claim for patent infringement may be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." TrackThings argues that Defendants have not met their burden to show that venue is proper as to two of the three defendants—Amazon or Amazon Services in the NDCA. Concerned that Defendants' briefing was deficient, the Court asked for and received supplemental briefing on this specific issue. ECF Nos. 59 and 60.

The Court finds that venue is proper in the NDCA as to eero and Amazon Servies. First, venue would be proper as to eero. It has a regular and established place of business—its headquarters—in San Francisco, and it designs, develops, markets, and sells the Accused Products in the NDCA. ECF No. 59 at 1. Second, venue would be proper as to Amazon Services. It owns and operates offices in the Bay Area, meaning it has at least one regular and established place of business in the NDCA, and it sells the Accused Products through its website to customers in the NDCA. ECF No. 59-1. The difficult question, and the focus of this opinion, is whether venue would be proper as to the third defendant, Amazon.com, Inc.

Amazon.com, Inc. is a holding company that operates exclusively through its subsidiaries (which include the two co-defendants). ECF No. 59 at 1. Amazon states that it has 16 offices in the Bay Area, giving it a regular and established place of business in the NDCA. ECF No. 41 at 3. What is unclear is whether Amazon.com, Inc. has committed acts of infringement in the NDCA.

Although Defendants assert that Amazon.com, Inc. has committed acts of infringement in the NDCA, there are two major problems with its argument.

First, the sole basis for Amazon.com, Inc.'s argument is its statement that "by virtue of its subsidiaries, Amazon.com, Inc. has a regular and established place of business in the NDCA *and the same acts on which TrackThings bases venue and jurisdiction for this defendant in this district occur in the NDCA*." ECF No. 59 at 1 (emphasis in original). In other words, it argues that because eero and Amazon Services have committed acts of infringement in the NDCA, Amazon.com, Inc., as the parent company, has therefore committed acts of infringement in the NDCA. This position asks the Court to impute the acts of the subsidiaries eero and Amazon Service to Amazon.com, Inc. to establish venue. To do that, however, requires a substantial showing.

Venue may be imputed from a subsidiary to a parent under an alter-ego or veil-piercing theory. *Celgene Corp. v. Mylan Pharmaceuticals Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021). "Where a parent and subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 Fed. App'x 326, 331 (5th Cir. 2011). The standard for imputing the acts of a subsidiary to a parent for purposes of establishing venue is relaxed compared to the standard for imposing liability. *WSOU v. Canon, et al*, No. 6:20-CV-980-ADA, slip op. at 14 (W.D. Tex. Feb. 25, 2022) (citing *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985)). A non-exhaustive list of factors courts may consider in analyzing alter ego include whether:

> (1) the parent and subsidiary have common stock ownership; (2) the parent and subsidiary have common directors or officers; (3) the parent and subsidiary have common business departments; (4) the parent and subsidiary file consolidated financial statements; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operated with grossly inadequate capital; (8) the parent pays salaries and other expenses of subsidiary; (9) the subsidiary receives no business except that given by the parent;

(10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; (12) the subsidiary does not observe corporate formalities.

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 418 (5th Cir. 2006).

Although they do not use the terms "alter-ego" or "pierce the veil," Defendants asks this Court to impute the acts of its subsidiaries to the parent, and courts in the Fifth Circuit decide whether to do so using the framework articulated above. Here, however, Amazon.com, Inc. has not provided *any* facts or argument as to why corporate formalities should be ignored and venue should be imputed. A bare assertion that the acts of eero and Amazon Services should be imputed, merely because they are subsidiaries, is insufficient. Defendants cite several cases where courts have transferred Amazon.com, Inc. to the NDCA in an attempt to show that venue would similarly be proper in this case. But in each of those cases, the plaintiffs either did not contest venue in the NDCA, or Amazon.com, Inc. was able to show that acts of infringement have occurred in that district.[1] There is nothing in the record to support that the co-defendant-subsidiaries' acts of infringement should be imputed to the parent. Even after the Court requested supplemental briefing on this issue, Defendants were unable to provide any support as to why the acts of eero and Amazon Services should be imputed to Amazon.com, Inc.

The second major problem with Amazon.com, Inc. arguing venue is proper in the NDCA is that throughout Defendants' Motion, Reply, and supplemental briefing, Amazon.com, Inc.

---

[1] *See Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. SACV10151DOC (RNBx), 2010 WL 11509140, at *1-2 (C.D. Cal. Oct. 12, 2010) (finding venue proper because Amazon.com, Inc. sold the accused products in the NDCA); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20cv3478, 2020 WL 6075528, at *1 (S.D.N.Y. Oct. 15, 2020) (the parties agreed venue would be proper in the NDCA); *Droplets, Inc. v. Amazon.com, Inc., et al.*, No. 11-cv-392, 2012 WL 3578605, at *3 (E.D. Tex. June 27, 2012) (plaintiff did not dispute venue in the NDCA); *Positive Techs., Inc. v. Sony Elecs., Inc.,* No. 2:10-cv-263, Dkt. 137 (E.D. Tex. Apr. 12, 2011) (two-sentence opinion that did not explain why venue would have been proper in the NDCA); *GPNE Corp. v. Amazon.com, Inc.*, No. 11-426, 2012 WL 12914678, at *1 (D. Haw. May 24, 2012) (plaintiff did not oppose the motion to transfer); *Eolas Techs. v. Amazon. com, Inc.*, No. 6:15-cv-1038, Dkt. 327 (E.D. Tex. Apr. 28, 2017) (granting motion for reconsideration of a denial of transfer, where the parties in the original transfer motion did not dispute venue in the NDCA); *Wireless Recognition Techs. LLC v. A9.com, Inc., et al.*, No. 10-cv-364, Dkt. 128 (E.D. Tex. Feb. 15, 2012) (plaintiff did not contest venue in the NDCA).

represents that it has not committed any acts of infringement in this case. Defendants belabor this point in their briefing. *See* ECF No. 41 at 7 ("Amazon's facilities and employees in this District are irrelevant because the allegations in this case concern eero technology, not any technology specific to Amazon"); *id.* at 11 ("TrackThings does not accuse any Amazon devices, technology, systems, or products"); ECF No. 54 at 2 ("But Amazon's facilities and operations in Austin are not relevant to this case against eero products: TrackThings neither identifies Amazon products as accused instrumentalities in its infringement contentions nor maps any claim limitation to any Amazon technology. Amazon did not design or develop the accused eero technology, and the location of its employees and documents are therefore irrelevant to this case.") (internal citations omitted). According to Defendants, the entities responsible for design, development, marketing, and sales of the Accused Products are the co-defendants—not Amazon.com, Inc.[2] As Plaintiff notes, Amazon.com, Inc. is caught in a Catch-22: it cannot simultaneously shift blame onto its co-defendants to argue that it has not committed any acts of infringement and is totally uninvolved in the facts of this case, while also arguing that it has committed acts of infringement through its subsidiaries in the NDCA for the purposes of establishing venue.

The Court finds that Defendants have not met their burden to prove that this case could have been brought in the transferee forum. Specifically, Defendants have failed to show that venue would be proper for Amazon.com, Inc. in the NDCA. Although Amazon.com, Inc. has a regular and established place of business, it has not shown that it has committed acts of infringement in the NDCA. Proving that venue is proper in the transferee forum is an explicit statutory requirement

---

[2] To be clear, this Court is aware that every defendant will contest that it has committed acts of infringement even if it must argue in a motion to transfer that alleged acts of infringement have occurred in the transferee forum. The unique circumstance here is that this defendant is denying any involvement whatsoever in the design, development, marketing, or sale of the Accused Products. Ordinarily, this may be disposed of in a motion to dismiss, but Defendants have no sought dismissal on the ground that venue is improper in this District.

of the movant, and it is a threshold question in the § 1404 transfer analysis. <u>Defendants had three</u>

<u>bites at the apple</u> in trying to prove this issue: their Motion (ECF No. 51), Reply (ECF No. 54),

and supplemental briefing *on this specific issue* (ECF No. 59). Each time, they failed to show how

Amazon.com, Inc., who purportedly is not involved in the Accused Products in any way,

committed acts of infringement either by itself or through its subsidiaries in the transferee forum.

No matter how convenient the NDCA might be, this Court cannot reach that analysis because

Defendants failed to meet the threshold requirement.

## IV. CONCLUSION

Defendants have failed to meet their burden to show that this case could have been brought

in the NDCA.

**IT IS ORDERED** that Defendants' Motion to Transfer Venue to the Northern District of

California is **DENIED.**

SIGNED this 9th day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE